Curran, Dennis J., J.
This lawsuit arises from an accident at One Broadway, Cambridge, Massachusetts on December 8, 2006, involving electrical equipment owned and operated by NSTAR. At the time of the accident, One Broadway was owned by the Massachusetts Institute of Technology, and leased to Cambridge Incubator, Inc, Sedo.com, and Allodia Corporation. Cambridge Incubator and Sedo were insured by Maryland Casualty Corporation. Allodia was insured by Assurance Company of America.
At the time of the accident, NSTAR’s Terms and Conditions for Distribution Service Tariff then on file with the Department of Public Utilities, stated as follows:
Unless there is negligence on the part of [NSTAR, it] shall not be liable for damage to the person or property of [customers] or other persons resulting from the use of electricity or the presence of [NSTAR’s] appliances and equipment on [their] premises . . . [F]or non-residential customers served under general service rates, [NSTAR] shall not be liable in contract, in tort (including negligence and M.G.L.c. 93A), strict liability or otherwise for any special, indirect, or consequential damages whatsoever including ... business interruption .. . or other economic harm.
M.D.T.E. No. 200A (January 31, 2006).
As a result of the accident, Maryland Casualty paid claims by Cambridge Incubator stemming from property damage and business interruption, and by Sedo exclusively for business interruption. Assurance paid claims by Allodia exclusively for business interruption. Maryland Casualty and Assurance seek to recover from NSTAR the amounts paid through those claims.
To the extent Maryland Casualty and Assurance pursues recovery of amounts it paid on claims for business interruption, its causes of action are barred by the explicit terms of the Tariff in place at the time of the accident.[1] The Tariff excludes all claims based on indirect or consequential damages, business interruption, or economic harm. Massachusetts recognizes that tariffs limiting the liability of utility companies “have the force and effect of law.” Disk ‘N Data, Inc. v. AT&T Commc’ns, 415 Mass. 886, 888-89 (1993).
While private parties may not limit their liability for gross negligence (see Zavras v. Capeway Rovers Motorcycle Club, Inc., 44 Mass.App.Ct. 17, 19 (1997), and cases cited), NSTAR is a regulated public utility. The public policy considerations that militate against permitting private parties to limit their own liability for gross negligence do not apply in the same way to public utilities, whose tariffs must be approved by a regulatory agency such as the Department of Public Utilities. “[B]ecause tariff provisions that limit liability are part and parcel of the rates charged, regulatory bodies may have a sound basis for approving an exculpatory clause.” Houston Lighting & Power Co. v. Auchan USA, Inc., 995 S.W.2d 668, 671 (Tex. 1999), citing Sw. Sugar & Molasses Co. v. River Terminals Corp., 360 U.S. 411, 417-18 (1959). In fact, tariffs limiting the liability of public utilities for intentional acts or omissions have been enforced in Massachusetts. See, e.g, CMG Holdings, Inc. v. AT&T Corp., No. 99-2129, 2000 WL 230356, at *4-5 (Mass.Super.Ct. Feb. 17, 2000) [11 Mass. L. Rptr. 283].
To the extent Maryland Casualty pursues recovery of amounts it paid to Cambridge Incubator for property damage, its claims are not barred by the Tariff. The Tariff permits claims based on property damage caused by NSTAR’s negligence, and the summary judgment evidence reflects a dispute of material fact as to whether or not the negligence of NSTAR’s agents caused the property damage for which Maryland Casualty paid claims.
ORDER
For these reasons, NSTAR’s motion for summary judgment is ALLOWED as to all claims brought by the Assurance Company of America, and all claims brought by Maryland Casualty Corporation based on amounts paid to Cambridge Incubator and Sedo for business interruption or other consequential or economic damages.
The motion for summary judgment is DENIED to the extent it pertains to claims by Maryland Casually Corporation based on amounts paid to Cambridge Incubator for properly damage.

Maryland Casualty suggests that a dispute of material fact exists concerning whether or not the Tariff was in place at the time of the accident. No such dispute exists. The summary judgment record includes a certified copy of the Tariff, together with a stamp of approval from the Department of Public Utilities, dated January 31, 2006. See Flesner v. Tech. Commc’ns Corp., 410 Mass. 805, 809 (1991).